```
Of Counsel:
SHIM & CHANG

ROY K. S. CHANG      #1733-0
roy@shimchanglawyers.com
HARVEY M. DEMETRAKOPOULOS #5033-0
harvey@shimchanglawyers.com
333 Queen Street, Suite 900
Honolulu, Hawaii     96813
Telephone No. (808)524-5803
Facsimile No. (808)538-3853

Attorneys for Plaintiff
SHARILYN HANSON
```

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| SHARILYN HANSON,   )<br>                    )<br>         Plaintiff, )<br>                    )<br>      vs.           )<br>                    )<br> ASSOCIATION OF APARTMENT )<br> OWNERS OF WAIPOULI BEACH )<br> RESORT, through its Board of )<br> Directors, a Hawaii )<br> Association,       )<br>                    )<br>         Defendant. ) | CIVIL NO. CV _____<br>(Other Personal Injury Tort)<br><br>**COMPLAINT** |

**COMPLAINT**

COMES NOW Plaintiff SHARILYN HANSON, by and through her attorneys, Shim & Chang, and for causes of action against the Defendant above-named alleges and avers as follows:

## THE PARTIES

1. Plaintiff SHARILYN HANSON (hereinafter, "Plaintiff" or "Plaintiff Hanson"), was at all times pertinent herein a resident of City of Denver and a citizen of the State of Colorado. At the time of her injury, Plaintiff Hanson was a tourist visiting the County of Kauai, State of Hawaii.

2. Defendant ASSOCIATION OF APARTMENT OWNERS OF WAIPOULI BEACH RESORT, through its Board of Directors, (hereinafter "Defendant Waipouli") is a Hawaii Association, organized in the State of Hawaii and doing business in the State of Hawaii as the association of apartment owners for the real estate property known as the "Waipouli Beach Resort" located at 4-820 Kuhio Highway, Kapaa, Hawaii 96746.

## STATEMENT OF JURISDICTION

3. The Plaintiff is a citizen of the State of Colorado. Defendant Waipouli is a citizen of the State of Hawaii. The parties are citizens of different states. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. Sec. 1332.

## STATEMENT OF CLAIM

4. Defendant Waipouli owns, operates, manages, and/or controls the condominium and resort property known as the "Waipouli Beach Resort", and is responsible for the maintenance

and repair of all common elements on the property, including the walkways and landscaped areas.

5. Defendant Waipouli created and maintained a stepping stone walkway for its Building G guests to walk on.

6. Defendant Waipouli knew or should have known that the Building G stepping stone walkway will become slippery from rain, landscape, watering, and/or surrounding landscape debris.

7. On or about January 8, 2018, Defendant Waipouli created and/or allowed to exist a dangerous slippery condition on the stepping stone walkway it had provided for its Building G guests to walk on.

8. This dangerous slippery condition on its stepping stone walkway was caused by or resulted from a breach of legal duties, safety rules, and/or standards of care, which Defendant Waipouli owed to its guests.

9. The breach of legal duties, safety rules, and/or standards of care included the following:

    (a) Defendant Waipouli did not provide a safe stepping stone walkway for its guests to walk on;

    (b) Defendant Waipouli did not protect its guests from a foreseeable risk of injury which existed on its stepping stone walkway;

  (c) Defendant Waipouli created a dangerous condition on its stepping stone walkway which could cause a guest to slip and fall;

  (d) Defendant Waipouli's Building G design and construction caused an on-going slippery condition to exist on its stepping stone walkway;

  (e) Defendant Waipouli did not provide its guests with a non-slippery stepping stone walkway to walk on;

  (f) Defendant Waipouli did not provide a stepping stone walkway that was clean (free of dirt, algae, and landscape debris) and safe to walk on;

  (g) Defendant Waipouli breached its warranty to provide a safe non-slippery stepping stone walkway for its guests to walk on;

  (h) Defendant Waipouli created or allowed to exist an on-going nuisance on its Building G stepping stone walkway which could result in a guest slipping, falling, and suffering injury;

  (i) Defendant Waipouli did not comply with all codes, regulations, industry safety standards, rules, and/or guidelines which apply to walkways;

  (j) Defendant Waipouli did not comply with all International Building Codes, applicable ASTM and ANSI standards, and/or the Americans with Disabilities Act regulations which apply to walkways;

  (k) Defendant Waipouli did not comply with the ASTM F1637-95 Standard Practice for Safe Walking Surfaces;

  (l) Defendant Waipouli did not place any warning signs at or on its stepping stone walkway to warn its Building G guests of the slippery condition of its walkway;

  (m) Defendant Waipouli created an unreasonable risk of injury on the stepping stone walkway it provided for its Building G guests to walk on; and

  (n) Defendant Waipouli did not take any safety precautions on its stepping stone walkway to prevent a slip and fall injury to its Building G guests.

  10. As a result of Defendant Waipouli's breach of legal duties, safety rules, and/or standards of care, Defendant Waipouli was negligent and/or acted in a negligent manner.

  11. On or about January 8, 2018, Plaintiff Hanson was a paying guest of Defendant Waipouli's Beach Resort & Spa, and was staying in Building G.

  12. On January 8, 2018, Plaintiff Hanson was walking from her Building G condominium unit to the beach when she slipped and fell, due to the slippery condition of Defendant Waipouli's stepping stone walkway.

  13. Plaintiff Hanson suffered injury to her left hip, left knee and other bodily injuries.

14. Plaintiff Hanson also suffered mental anguish and emotional distress as a result.

15. The negligent acts and/or omissions of Defendant Waipouli, and/or others in its employ, contract, or control, were a factual cause of Plaintiff Hanson's slip and fall, and a legal (more than a trivial cause) of her injuries, losses and/or damages.

16. Defendant Waipouli is vicariously liable for the negligent acts of its employees, agents and/or contractors.

17. Plaintiff Hanson's injuries, losses, and damages occurred on the County of Kauai, State of Hawaii.

18. Plaintiff Hanson has sustained and will further sustain special, economic, and other common law damages in an amount to be determined at trial.

19. Plaintiff Hanson has sustained and will further sustain general, non-economic, and other common law damages in an amount to be determined at trial.

20. Defendant Waipouli was grossly negligent and/or acted in a willful, wanton or reckless disregard of safety rules, standards, guidelines and the rights, feelings and safety of others, and for that reason Plaintiff Hanson claims punitive damages against Defendant Waipouli, in an amount to be determined at the time of trial.

**DEMAND FOR RELIEF**

Plaintiff Hanson demands judgment against Defendant Waipouli, as follows:

(a) General, non-economic, and other common law damages as are proven at the time of trial.

(b) Special, economic, and other common law damages as are proven at the time of trial.

(c) Punitive and exemplary damages as are proven at the time of trial.

(d) Prejudgment interest from the date of the incident.

(e) Reasonable attorneys' fees and litigation costs.

(f) Such other relief as may be deemed just and equitable under the premises.

DATED:  Honolulu, Hawaii,    February 6, 2018    .


    /s/ Harvey M. Demetrakopoulos
ROY K. S. CHANG
HARVEY M. DEMETRAKOPOULOS
Attorneys for Plaintiff